IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA   )
                           )
   v.                      ) Criminal No. 08-168-10
                           )
AL JOSEPH OWENS II         )

MEMORANDUM ORDER

AND NOW, this 6th day of October, 2009, upon due consideration of the motion to expunge records (Document No. 611) filed by defendant Al Joseph Owens II, and the government's response thereto, IT IS ORDERED that defendant's motion be, and the same hereby is, **denied**.

On April 15, 2008, a grand jury returned a five-count indictment charging 15 defendants with an international heroin distribution conspiracy. Al Joseph Owens ("defendant") was charged only at Count One with conspiracy to distribute and possess with intent to distribute 1 kilogram or more of heroin. The government subsequently filed a motion to dismiss Count One as to defendant "in the interest of justice." By order dated April 22, 2009, this court granted the government's motion and dismissed Count One with respect to defendant.

Defendant now moves the court to expunge the indictment and all records relating thereto. Defendant asserts that "there is no dispute as to [his] lack of guilt" and that expungement is "necessary to 'preserve [his] basic legal rights' and to return his good name and reputation to their pre-indictment status."

In <u>United States v. Dunegan</u>, 251 F.3d 477, 480 (3d Cir. 2001), the court held that "in the absence of any applicable statute enacted by Congress, or an allegation that the criminal proceedings were invalid or illegal, a District Court does not have jurisdiction to expunge a criminal record, even when ending in acquittal." The court determined that a court's inherent powers do not constitute a basis for jurisdiction over such a motion, nor does a court have the authority to invoke the doctrine of ancillary jurisdiction to reopen a closed case in order to consider an expungement petition. <u>Id</u>. at 478-79.

Recently, the Third Circuit Court of Appeals has reiterated that "our precedent clearly establishes that we have jurisdiction over petitions for expungement <u>only</u> when the validity of the underlying criminal proceeding is being challenged." <u>United States v. Rowlands</u>, 451 F.3d 173, 178 (3d Cir. 2006)(emphasis added); <u>see also</u> <u>United States v. Boniella</u>, 297 Fed. Appx. 161 (3d Cir. 2008) ("neither this Court nor the District Court has jurisdiction to seal or expunge a conviction where there is no challenge to the validity of the conviction or arrest.")

2

Here, defendant is not challenging the <u>validity</u> of the underlying criminal proceeding or alleging that those proceedings were illegal. He does not allege a constitutional or statutory infirmity in the underlying proceedings or an unlawful arrest. Moreover, the mere fact that the government moved to dismiss the charge against defendant does not suggest that the proceedings themselves were invalid or illegal.

In the absence of an attack on the validity or legality of the underlying criminal proceedings, this court lacks jurisdiction over defendant's motion for expungement, and defendant's motion therefore must be dismissed.

*/s/ Gustave Diamond*
Gustave Diamond
United States District Judge

cc:  Constance M. Bowden
     Assistant U.S. Attorney

     Patrick M. Livingston, Esq.
     205 Ross Street
     Colonial Building
     Pittsburgh, PA 15219

AO 72
(Rev 8/82)